IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01522-GPG

KENNETH WIGGINS,

     Applicant,

v.

BRAD HOOKS, and
THE COLORADO ATTORNEY GENERAL,

     Respondents.

_____

<u>AMENDED</u> ORDER TO FILE PRELIMINARY RESPONSE

_____

     Applicant, Kenneth Wiggins, is incarcerated in a Georgia state prison.  Mr.

Wiggins filed a Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the

United States District Court for the Southern District of Georgia challenging a detainer

lodged by the State of Colorado.  The Petition was transferred to this Court on July 17,

2015.  A challenge to a state detainer normally is filed pursuant to 28 U.S.C. § 2241. Mr.

Wiggins filed an [Amended] Application for a Writ of Habeas Corpus Pursuant to 28

U.S.C. § 2241 (ECF No. 5) on this Court's approved form on August 24, 2015.  He has

been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

     As part of the preliminary consideration of the § 2241 Application in this case and

pursuant to *Keck v. Hartley*, 550 F. Supp. 2d 1272 (D. Colo. 2008), the Court has

determined that a limited Preliminary Response is appropriate.  Accordingly, because

Applicant is challenging a state detainer, the Colorado Attorney General has been

added as a Respondent and will be directed to file a Preliminary Response limited to

addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or

exhaustion of state court remedies.  If the Colorado Attorney General is not a correct

Respondent, or if the Colorado Attorney General does not intend to raise either of these affirmative defenses, Respondent must so notify the Court in the Preliminary Response. Respondent Colorado Attorney General may not file a dispositive motion as a Preliminary Response, or an Answer, or otherwise address the merits of the claims in response to this Order.

In support of the Preliminary Response, Respondent Colorado Attorney General should attach as exhibits all relevant portions of the state court record, including but not limited to copies of all documents demonstrating whether this action is filed in a timely manner and/or whether Applicant has exhausted state court remedies.

Respondent Warden Hooks should not file a preliminary response to the § 2241 Application.

Mr. Wiggins may reply to the Preliminary Response and provide any information that might be relevant to the one-year limitation period under 28 U.S.C. § 2244(d) and/or the exhaustion of state court remedies.  Mr. Wiggins also should include information relevant to equitable tolling, specifically as to whether he has pursued his claims diligently and whether some extraordinary circumstance prevented him from filing a timely 28 U.S.C. § 2241 action in this Court.  Accordingly, it is

ORDERED that **within thirty days from the date of this Order** Respondent Colorado Attorney General shall file a Preliminary Response that complies with this Order.  It is

FURTHER ORDERED that **within twenty-one days of the filing of the Preliminary Response** Applicant may file a Reply, if he desires.  It is

FURTHER ORDERED that if Respondent Colorado Attorney General does not intend to raise either of the affirmative defenses of timeliness or exhaustion of state

court remedies, Respondent must notify the Court of that decision in the Preliminary

Response.  It is

FURTHER ORDERED that the Clerk of the Court shall serve a copy of this Order

on Respondent Colorado Attorney General only.

Dated: September 28, 2015.

BY THE COURT:


 /s Gordon P. Gallagher
United States Magistrate Judge